UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| PEPPY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-00047-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| KENTUCKY REGISTRY OF ELECTION FINANCE, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Peppy Martin has filed a *pro se* civil complaint. [R. 1.] The Court has granted her motion to proceed *in forma pauperis* by separate Order. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Martin names the Kentucky Registry of Election Finance ("KREF") as the sole defendant. [R. 1 at 1.] She invokes 18 U.S.C. § 1346 as the only basis for her claims. *See id*. at 3. Her allegations, stated in their entirety, are that:

> 18 USC # 1346 (*sic*) speaks of schemes to defraud of honest services. Kentucky Registry of Election Finance has a flaw in how it is set up making it an accessory to fraud by all 3 incumbent Kentucky Governors whose actions have adversely affected Plaintiff.

[R. 1 at 4.]  For relief, Martin requests $150 million in damages.  *See id*.

The Court has reviewed the complaint, but will dismiss this action for several reasons. First, Martin's allegations are wholly conclusory and devoid of facts necessary to state any viable claim. While she asserts that KREF "has a flaw in how it is set up," she does not elucidate on that assertion in any way.  Similarly, her allegation of fraud is wholly unexplained.  A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  The cursory allegations in Martin's complaint are insufficient to satisfy minimum pleading rules.

Second, Section 1846 is merely a definitional section; it does not proscribe conduct.  *See* 18 U.S.C. § 1346 ("For the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services.").  It is therefore incapable of being violated.

In any event Martin, as a private citizen, lacks standing to assert a violation of the criminal law.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  A private claim for damages can be inferred from certain criminal statutes, but Section 1346 is not one of them.  *See Young v. Overly*, No. 3: 16-CV-62-GFVT, 2017 WL 4355561, at *3 (E.D. Ky. 2016) (dismissing claim under Section 1346 in election-related case, both because the statute merely provides a definition and because "there is no right of action pursuant to this statute, as a private citizen cannot initiate a federal criminal prosecution."), *aff'd*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) ("Criminal statutes generally do not create private causes of action, and none of the statutes Young specifically invoked provide private causes of action.") (cleaned up), *cert. denied*, 139 S.Ct. 1178 (2019).  *See also Moni v. Volusia Cnty., Corp.*, 717 F. App'x 976,

2

977 (11th Cir. 2018) ("As to Moni's claims under 18 U.S.C. § 1346, 21 U.S.C. § 848, and 18 U.S.C. § 242, none of these statutes provide a private right of action, and so he fails to state a claim for which relief can be granted."); *Smith v. Spears*, No. CV 2:17-3384-PMD-BM, 2018 WL 4523201, at *4 (D.S.C. Feb. 8, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 2772668 (D.S.C. June 11, 2018).  And a complaint alleging only violation of a federal criminal statute does not present a federal question sufficient to invoke the Court's subject matter jurisdiction.  *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 n.13 (2005).  The Court will therefore dismiss the complaint for lack of subject matter jurisdiction.[1]

Accordingly, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff Peppy Martin's Complaint **[R. 1]** is **DISMISSED** without prejudice for lack of subject matter jurisdiction;

2. Judgment will be entered promptly; and

3. This matter is **STRICKEN** from the docket.

---

[1] KREF, as a state agency, is an arm of the state for Eleventh Amendment purposes. *Accord N. Kentucky Right to Life Comm., Inc. v. Kentucky Registry of Election Fin.*, 134 F.3d 371, 1998 WL 13405, at *1-3 (6th Cir. 1998).  The Eleventh Amendment specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (cleaned up).  But for the more fundamental defects noted above, Martin's complaint for damages would therefore be independently subject to dismissal on that ground.

This the 10th day of July, 2024.

Gregory F. Van Tatenhove
United States District Judge